Citation Nr: 1229612 
Decision Date: 08/28/12 Archive Date: 09/05/12

DOCKET NO. 10-02 243 ) DATE
 )
 )
On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska

THE ISSUES

1. Entitlement to a rating higher than 20 percent for low back strain and partial ankylosis involving L3 and L4 with spondylosis at L1-L2 and L4-L5 (low back disability). 

2. Entitlement to service connection for bilateral hip disability to include as secondary to the service-connected low back disability.

3. Entitlement to service connection for degenerative joint disease of the left knee to include as secondary to the service-connected low back disability.

4. Entitlement to a total disability rating for compensation based on individual unemployability. 

REPRESENTATION

Veteran represented by: Calvin Hansen, Attorney

ATTORNEY FOR THE BOARD

Andrew Mack, Counsel




INTRODUCTION

The Veteran, who is the appellant, served on active duty from July 1968 to August 1970. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of rating decisions in September 2009, in April 2010, and in August 2011 of the Department of Veterans Affairs (VA) Regional Office (RO) in Lincoln, Nebraska. 

The appeal is REMANDED to the Regional Office. 


REMAND

On the claim for increase for the low back disability strain and the claim of service connection for a bilateral hip disability, the Veteran was afforded VA examinations in March 2010 and in May 2011. On examination in March 2010, the Veteran denied symptoms of radiculopathy. On examination in May 2011, there was no radiating pain and the sensory examination was normal.

In a letter in April 2011, a private doctor stated that the Veteran had neurogenic claudication, which was consistent with spinal degeneration and underlying ankylosing spondylitis and spondylosis.

On VA examination in May 2011, the VA examiner expressed the opinion that a bilateral hip condition was not related to the low back disability. In August 2011, the VA examiner restated that the bilateral hip condition was most likely not related to or aggravated by the low back disability as X-rays of the hips were read as normal. Possible neurologic impairment due to the low back disability was not addressed.




As there is conflicting evidence and the evidence is insufficient to decide the claim, additional development under the duty to assist is needed. 

On the claim for degenerative joint disease of the left knee, in July 2009, a private doctor stated that there was correlation between the left knee pain and the low back disability. On VA examination in August 2009, the VA examiner expressed the opinion that the left knee condition was not due to or aggravated by the service-connected low back disability, but there was insufficient rationale on the question of aggravation on which to make a fully informed decision, and additional development under the duty to assist is needed. 

On the claim for a total disability rating, although the Veteran was afforded VA examinations for each service-connected disability, the examinations do not sufficiently address the combined effect of the service-connected disabilities and unemployability. And additional development under the duty to assist is needed. 

Accordingly, the case is REMANDED for the following action:

1. Afford the Veteran VA orthopedic and neurological examinations, including EMG/NCV testing, to determine the current severity of the service-connected low back disability. 

The examiner is asked: 

a). To describe range of motion of the low back, including whether there is any evidence of favorable or unfavorable ankylosis; 






b). Whether there is any other functional loss due to pain on movement, weakened movement, excess fatigability, incoordination, during flare-ups or during periods of repeated use, and, if feasible, to express any additional functional loss in terms of additional loss of range of motion; 

c). Whether there are any objective neurological abnormalities, and if so, are the neurological findings due to the low back disability or a manifestation of a separate condition, namely, neurogenic claudication with bilateral hip pain in the gluteal region. 

If the neurological findings are a separate condition, is it more likely than not (probability greater than 50 percent), at least as likely as not (probability approximately 50 percent), or less likely than not (probability less than 50 percent) that the findings are aggravated by the service-connected low back disability; 

d). Whether there are incapacitating episodes, and the frequency and total duration of such episodes over the course of 12 months; and, 










e). Whether it is more likely than not (probability greater than 50 percent), at least as likely as not (probability approximately 50 percent), or less likely than not (probability less than 50 percent) that degenerative joint disease of the left knee is caused by or aggravated by the service-connected low back disability. 

In this context, the term "aggravation" means a permanent increase in severity of the disability, that is, an irreversible a worsening of the underlying condition not due to the natural progress, as contrasted to a temporary worsening of symptoms. 

The Veteran's file should be made available to the VA examiner. 

2. Afford the Veteran a VA general examination to determine whether the service-connected posttraumatic stress disorder and major depressive disorder, low back disability, tinnitus, and bilateral hearing loss in combination render the Veteran unable to secure or follow a substantially gainful occupation. 

The Veteran's file should be made available to the VA examiner. 








3. After the development has been completed, adjudicate the claims. If any benefit sought is denied, furnish the Veteran and his representative a supplemental statement of the case and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

The claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
George E. Guido Jr.
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).